(96 App. Div. 418.)

### DENISON v. DENISON et al.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

1. WILLS—CONSTRUCTION—REMAINDER.

Decedent devised to his executors certain real estate in trust for the joint lives of his two daughters, P. and A., and the lives of the survivor of them, to pay the income, after paying taxes and repairs, to the use of P. during her natural life, and after her death, leaving A. surviving, during the life of A. to apply such surplus to the use of P.'s surviving children and the issue of such as may then be dead per stirpes, and on the death of the survivor of P. and A. to pay the trust res in fee to the children of P. and the issue of such as may be then deceased per stirpes. *Held*, that only those who survived the lives of both daughters in each case were entitled to share in the remainder of the trust fund.

2. SAME—VESTED ESTATE.

    The remainder did not vest absolutely on the death of P. leaving A. surviving her, but only on the death of A. in the issue of P. then surviving and the descendants of her issue surviving, per stirpes.

3. SAME—INCOME.

    After the death of P. and during the life of A. the surplus income on the remainder did not vest in P.'s children.

4. SAME—JUDGMENT—APPEAL.

    An unnecessary provision of a decision in an action to construe a testamentary trust not contained in the judgment appealed from could not be modified on the appeal.

5. SAME—COSTS.

    Where a judicial construction of a testamentary trust became necessary by reason of conflicting claims to the income, and the construction of the will with reference to the remainder was incidental only, and made to avoid future litigation, and a decree requiring payment of costs out of the principal would necessitate a sale of the premises devised before the expiration of the trust, the costs would be charged against the income only.

Appeal from Special Term, New York County.

Action by Dometille Denison, individually and as trustee under the will of Noel J. Becar, deceased, against William B. Denison and others. From a judgment in favor of plaintiff, defendants prosecute four separate appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles A. Runk, for appellant Denison.

Thomas W. Butts, for appellant Caroline H. Johnston.

Hugo Kohlmann, for appellant Colt.

Augustus N. Hand, for defendants Cameron and Alexander Duncan Cameron Arnold.

Frederick Geller, for Edward William Cameron Arnold.

LAUGHLIN, J. This action is brought by the plaintiff individually and as sole acting trustee under the ninth article of the last will and testament of Noel J. Becar, deceased, for the construction thereof. This article is as follows:

"Ninth. Item—I give and devise to my executors hereinafter named, or such of them as shall take upon themselves the execution of this will, one undivided third of my said two stores, Numbers Five and Seven (5 & 7) Dey street in the City of New York, to have and to hold to said executors, their survivors and successors, for and during the joint natural lives of my two daughters, Pauline and Adele and the lives of the survivor of them, in trust nevertheless to receive the rents and profits of the same, and from the proceeds to pay the taxes and assessments accruing on the same, and to keep the same insured against loss by fire and in good repair, and apply the surplus income in half yearly payments, or oftener, to the use of my said daughter Pauline during her natural life, to her sole and separate use and on her individual receipt, and from, and after her death leaving my said daughter Adele her surviving, then during the life of my said daughter Adele to apply said surplus income to the use of the children of my said daughter Pauline her surviving, and the issue of such as may then be deceased, share and share alike per stirpes and not per capita. Upon the death of the survivor of my two said daughters Pauline and Adele, then I devise said one-third of said two stores in fee to the children of my said daughter Pauline, and the issue of such as may be then deceased, share and share alike, per stirpes and not per capita."

The testator died on the 27th day of August, 1856. His two daughters mentioned in the ninth clause of the will survived him. One of them—Adele, now Adele Van Brunt—is still living; but the other—Pauline—died on the 20th day of April, 1875, leaving her surviving three children, the appellant Caroline H. Johnston, Marie Louise Cameron, who died on the 2d day of February, 1888, and William Arnold, who died on the 8th day of June, 1891. Marie Louise Cameron left, her surviving, one child, Edward W. Cameron, known as Edward William Cameron Arnold, the appellant. She left a last will and testament devising one-half of her residuary estate to her husband, Edward M. Cameron, who remarried, and died on the 11th day of August, 1895, leaving, him surviving, a widow, the defendant Annie S. Wilson, and two children by his second marriage, the appellants Alexander Duncan Cameron Arnold and Margaret Stuart Cameron, in addition to his son by his first marriage. He left a last will and testament devising and bequeathing his estate to his executors upon certain trusts. William Arnold died on the 8th day of June, 1891, without issue, and leaving a will purporting to devise his interest in these premises to the appellant William B. Denison. The plaintiff, as such trustee, has in her custody the sum of $4,745.31, collected since the death of the testator's grandchild William Arnold from the premises described in the ninth clause of the will, to which said Arnold would be entitled if still living, and the sum of $2,664.56, collected from said premises since the death of the testator's grandchild Marie Louise Cameron, and to which she would be entitled if still living. The plaintiff, as such trustee, desires the instruction of the court with respect to the payment of said income on hand, and a judicial construction of said ninth clause of the will concerning the rights and interests of all the parties thereunder.

The claim on the part of the appellant Caroline H. Johnston, the daughter of Pauline, is that the devise of the principal is conditioned upon the devisees surviving Adele; and the court has so decreed. The court has also decided that this remainder is not alienable during Adele's life, and this appellant contends that that question was not presented for decision, and that, therefore, the decision should be modified by eliminating that provision. The respondent Edward William Cameron Arnold, the son of the testator's grandchild Marie Louise Cameron, claims to the same effect, except that he does not ask for any modification and he contends that until the death of Adele the estates in remainder are vested in the trustees, and not vested in the remaindermen, subject to be divested. The appellant Denison claims that upon the death of Pauline the remainder, subject to the trust during the life of Adele, vested absolutely in her children and the issue of those who had died; and that he, as the devisee of one of her three children (William Arnold), is entitled to one-third of such remainder. The guardian ad litem for the appellants Alexander Duncan Cameron Arnold and Margaret Stuart Cameron also claims that upon the death of Pauline the remainder vested absolutely in her issue, and that by virtue of the will of her daughter Marie Louise Cameron, who devised one-half of her residuary estate to her

husband, their father, and by virtue of his will they have become entitled to the remainder of that undivided half, subject to a trust under their father's will in favor of their mother. The appellant Colt, as trustee under the will of Marie Louise Cameron and the will of her husband, Edward M. Cameron, also claims that the remainder vested absolutely in the issue of Pauline upon her death, to become vested in possession upon the death of Adele.

The testator devised this land to three of his daughters, a third to each of the others, by an article in all respects similar except as to the names to the ninth. It is clear that his purpose was to have these premises held in trust as long during the joint lives of the three daughters as the law permitted, and we think the remainder it was his intention that only those should take who survived the lives of both daughters in each case respectively. We are of opinion that the remainder did not vest absolutely upon the death of Pauline, and will not vest absolutely until the death of Adele, and will then vest absolutely in the issue of Pauline then surviving and the descendants of her issue then surviving, per stirpes. It is unnecessary to decide whether, after the death of Pauline and during the life of Adele, this entire remainder vests in the trustees or vested in Pauline's issue, subject to be divested upon their death prior to the death of Adele. It necessarily follows that neither the issue of Pauline nor the descendants of her deceased issue took an interest in the remainder which was devisable, because their interest was conditioned upon their surviving Adele. It was unnecessary to decide whether their respective interests conditioned upon survivorship can be alienated by deed. It does not appear that any of them has attempted to grant an interest in the remainder. Therefore we think the provision of the decision to the effect that the remainder is not alienable during the life of Adele was unnecessary; but the judgment does not incorporate that part of the decision, and therefore we cannot modify it.

The question who are entitled to the income during the life of Adele remains to be determined. We are also of opinion that after the death of Pauline and during the life of Adele the surplus income on this remainder did not vest in the children of Pauline. That income was devised to the trustees, with directions to apply the same from time to time to the use of Pauline's children and the issue of her deceased children per stirpes, to all intents and purposes in the same manner that the trustees were directed, and to apply the surplus income to her use during her life; and the right of her children and the issue of her deceased children to participate therein continued only during their life. The decision of the Special Term was to this effect. Appellant Johnston claims that the costs should be paid out of the principal, but we think they should be paid out of the income. If we should direct that the costs be paid out of the principal, that would necessitate a sale of the premises before the expiration of the trust, which would thwart the intention of the testator. Moreover, the necessity for a judicial construction at the present time arises over the conflicting claims to the income, and, while a construction concerning the remainder has been decreed, this was incidental, and to avoid the necessity at a later period

89 N.Y.S.—9

of further litigation between the same parties, and adds nothing to the expense of the litigation.

It follows, therefore, that the judgment should be affirmed, with separate bills of costs to Caroline H. Johnston and Edward William Cameron Arnold only, payable by the trustee out of the income in his hands. All concur; PATTERSON and INGRAHAM, JJ., in result.